# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JERRY LEWIS JONES,

    Petitioner,

v.                                                                              CASE NO: 8:05-CV-1117-T-27TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("petition") (Dkt. 1). Petitioner is challenging the April 3, 1998 conviction and sentence in Case No. CRC97-17653-CFANO-M entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Id.).[1] Based on Petitioner's statements in the petition, this Court conditionally dismissed Petitioner's petition as time-barred (Dkt. 7). Petitioner was afforded an opportunity to establish by record evidence that the dates set out in his petition were incorrect or that he was otherwise entitled to equitable tolling of the one-year limitations period.

In response, Petitioner contended that the inmate who drafted the petition for him failed to reference a state application for post-conviction relief which tolled the one-year limitation period. According to Petitioner, he filed his first application for state post-conviction relief pursuant to Fla. R.

---

[1] Although the petition also refers to Petitioner's October 22, 1998 conviction in Case No. CRC98-12834-CFANO-M, the claims in the petition challenge only Petitioner's conviction and life sentence as a habitual offender imposed in Case No. CRC97-17653-CFANO-M.

Crim. P. 3.800(a) on January 7, 1999. According to Petitioner, the state trial court never acknowledged receipt of his motion (See Dkt. 9).

Based on Petitioner's contentions in his response, this Court ordered Respondent to file a limited response addressing the timeliness of the petition (Dkt. 11). The Respondent filed a limited response and moved to dismiss the petition as time-barred (Dkt. 13). Petitioner filed a reply to the Respondent's limited response in which he argued that pursuant to the "mail-box rule" set forth in *Houston v. Lack*, 487 U.S. 266 (1988), the limitations period was tolled on January 7, 1999, when he placed the Rule 3.800(a) motion in the hands of prison officials at the Central Florida Reception Center for mailing (Dkt. 18).

This Court denied Respondent's motion to dismiss the petition, without prejudice to renewal if Respondent could produce evidence rebutting Petitioner's sworn statement that he surrendered the Rule 3.800(a) motion to prison officials for mailing on January 7, 1999 (Dkt. 20). Respondent filed a supplemental response in which Respondent argued that Petitioner was not entitled to the benefit of the mail-box rule, and that the petition should be dismissed as time-barred (Dkt. 21). Petitioner filed a reply to Respondent's supplemental response (Dkt. 22).

## ANALYSIS

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"). Prior to AEDPA's enactment, state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition. Even delays of more than a decade did not necessarily bar a prisoner from seeking relief. *See, e.g., Lonchar v. Thomas*, 517 U.S. 314, 315 (1996).

The AEDPA dramatically shortened the time for filing a federal habeas petition to one year.

Section 101 of AEDPA amended 28 U.S.C. § 2244(d) by adding the following provision:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Section 101 does not start a prisoner's one-year limitation period running until "the date on which the judgment became final by conclusion of direct review."

The conviction and sentence in Case No. CRC97-17653-CFANO-M was entered on April 3, 1998. According to the Petitioner's sworn allegations, he did not file a direct appeal of his conviction and sentence. Since Petitioner's conviction became final after the enactment of the AEDPA, the one-year limitation period for his federal habeas petition began to run when the time for pursuing a direct appeal was concluded.

The one-year limitation period began to run on May 3, 1998. *See Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988). Absent tolling by a "properly filed" application for state post-conviction relief,

3

Petitioner had until May 3, 1999, to file his petition for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1).

In his sworn statement, Petitioner asserts in pertinent part that on January 7, 1999, he handed a Motion to Correct an Illegal Sentence ("Rule 3.800(a) motion") over to prison officials for mailing (Dkt. 9). Petitioner attached a copy of the January 7, 1999 Rule 3.800(a) motion to his sworn statement (Id. at Ex. A). He asserts that another inmate (unnamed) prepared the Rule 3.800(a) motion (Id. at pg. 1). He alleges that "the Sixth Judicial Circuit Court in Pinellas County, Florida never acknowledged or otherwise responded to [his Rule 3.800(a) motion]." (Id.). He also avers that he "filed a number of inquiries to the Sixth Judicial Circuit Court concerning his original motion to correct an illegal sentence to no avail..." (Id. at pg. 3). Finally, he asserts "that the inmate who wrote the [instant federal] habeas petition for him did not inform the Court that the 1999 petition had been filed, he relied on the fact that there was never a ruling made on that motion as his explanation to the petitioner for not mentioning the motion in the instant petition for writ of habeas corpus." (Id. at pgs. 2-3).

In his July 11, 2006 reply, Petitioner states in pertinent part that "[Petitioner] gave his legal mail to Officer McGriff who in turn stamped the outside of the envelope and put it with other outgoing legal mail. There were no logs to sign or forms to fill out." (Dkt. 18 at pg. 2).[2]

In his March 5, 2007 reply, Petitioner states "he timely and properly turned his 3.800(a) motion over to Officer McGriff for mailing..." (Dkt. 22 at pg. 2).[3]

This case turns on whether Petitioner is entitled to the benefit of the mail-box rule. In *Houston*,

---

[2]The Court notes that unlike Petitioner's sworn statement (Dkt. 9), Petitioner's July 11, 2006 reply does not include a sworn oath.

[3]The March 5, 2007 reply does include a sworn oath (Dkt. 22 at pg. 5).

4

the Supreme Court held that where a prisoner has "done all that could reasonably be expected to get the [document] to its destination" within the required time it should be considered "filed" when handed to a prison official for mailing. *Houston*, 487 U.S. at 270 (citation omitted). In this circuit, the mailbox rule applies even when the motion "is never received or filed by the court." *Gracey v. United States*, 131 Fed.Appx. 180 (11th Cir. 2005) (quoting *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001)). "Under the mailbox rule, the burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)(citing *Garvey v. Vaughn*, 993 F.2d 776, 781 (11th Cir. 1993)). Absent evidence to the contrary, district courts must assume that a prisoner's motion was delivered to prison authorities the day he signed it. *Id.*

However, prior to determining the date Petitioner delivered his Rule 3.800(a) motion to prison officials for mailing, this Court must first determine whether or not Petitioner actually delivered his Rule 3.800(a) motion to prison authorities. *Cf. Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir. 2006). In making this determination, the Court "may take into account any and all relevant circumstances, including any lack of diligence on the part of [Petitioner] in following up in a manner that would be expected of a reasonable person in his circumstances..." *Id.* at 1198.

The Court finds as a matter of fact that Petitioner did not deliver a Rule 3.800(a) motion to prison authorities on January 7, 1999. There is ample evidence to the contrary. Initially, the Court finds that Petitioner's sworn statement is not credible. He asserts that another inmate (unnamed) wrote his January 7, 1999 Rule 3.800(a) motion. However, the handwriting in Petitioner's written sworn statement appears very similar if not identical to the handwriting in Petitioner's January 7, 1999 Rule 3.800(a) motion (See Dkt. 9). Moreover, Petitioner fails to provide either the name of the inmate who allegedly wrote the Rule 3.800(a) motion, or an affidavit from that inmate attesting that he prepared the motion on

5

Petitioner's behalf. Furthermore, in an effort to explain why he omitted mention of his January 7, 1999 Rule 3.800(a) motion in his federal habeas petition, Petitioner explains that another inmate, again unnamed, prepared the petition, and that the inmate explained to Petitioner that he did not identify the January 7, 1999 Rule 3.800(a) motion in the petition because "he relied on the fact that there was never a ruling made on that motion[.]" Petitioner, again, fails to provide this Court with either the name of the inmate who allegedly prepared the petition on Petitioner's behalf, or an affidavit from that inmate. Furthermore, the inmate's alleged explanation/statement is clearly hearsay because it is an out-of-court statement being offered to prove why Petitioner failed to identify the January 7, 1999 Rule 3.800(a) motion in his federal habeas petition. See Fed. R. Evid. 801(c)("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").

Petitioner asserts that he "filed a number of inquiries" with the Sixth Judicial Circuit Court regarding his January 7, 1999 Rule 3.800(a) motion. Petitioner, however, does not provide the Court with copies of those inquiries, or even the dates on which he mailed those inquiries. The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Sixth Judicial Circuit, Pinellas County, Florida, viewed June 4, 2009, http://www.pinellasclerk.org, *see* Fed. R. Evid. 201, which shows no inquiries filed by Petitioner prior to the time Petitioner filed his July 2000 postconviction motion (See Attachment A). The Clerk's website lists four notices of inquiry filed by Petitioner subsequent to the filing of his July 2000 postconviction motion. The fact that the Clerk's website lists Petitioner's July 2000 postconviction motion and four subsequently filed notices of inquiry, but does not list Petitioner's January 7, 1999 Rule 3.800(a) motion nor any notices of inquiry prior to the filing of Petitioner's July 2000 postconviction motion supports the conclusion that Petitioner never

delivered his January 7, 1999 Rule 3.800(a) motion to prison authorities for mailing, and never filed "a number of inquiries" regarding the January 7, 1999 motion. The obvious "lack of diligence on the part of [Petitioner] in following up [on the status of his January 7, 1999 motion] in a manner that would be expected of a person in his circumstances" is evidence suggesting that Petitioner did not deliver his Rule 3.800(a) motion to prison officials for mailing on January 7, 1999.[4]

In summary, Petitioner presents no credible evidence that he actually delivered a Rule 3.800(a) motion to prison authorities on January 7, 1999. Petitioner's failure to act reasonably in following up on the status of his Rule 3.800(a) motion is evidence strongly suggesting that the motion was never submitted for mailing in the first place. The Court concludes that the documents submitted by Respondent, the information on the state trial court's docket, and the record demonstrate that Petitioner did not deliver a Rule 3.800(a) motion to prison authorities on January 7, 1999. Accordingly, Petitioner is not entitled to the benefit of the mail-box rule.

Because Petitioner's one-year limitations period expired at the latest on November 22, 1999, none of Petitioner's applications for state post-conviction relief filed after that date had any tolling effect. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (finding that "[a] state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, the petition for federal habeas relief is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation provision unless Petitioner can demonstrate that he is entitled to equitable tolling of the limitation period.

Section 2244 "permits equitable tolling 'when a movant untimely files because of *extraordinary*

---

[4]Approximately 18 months expired between January 7, 1999, the date Petitioner claims he delivered his Rule 3.800(a) motion to prison authorities for mailing, and July 7, 2000, when Petitioner filed his next Rule 3.800(a) motion.

7

*circumstances* that are both *beyond his control* and *unavoidable with <u>diligence</u>*'" (emphasis added). *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). *See also Helton v. Sec. for the Dept. of Corr.,* 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction."). Petitioner has not shown any extraordinary circumstances to warrant equitable tolling.

**Evidentiary Hearing**

"Section 2244 of Title 28 of the United States Code does not require a hearing on the issue of time-bar or equitable tolling, so the decision as to whether to conduct an evidentiary inquiry is a matter left to the sound discretion of the district court." *Drew v. Dep't of Corr.,* 297 F.3d 1278, 1293 (11th Cir. 2002). The Court concludes that Petitioner has offered no reason to believe that an evidentiary hearing would help him prove that he delivered his Rule 3.850 motion to prison officials for mailing on January 7, 1999, or would help him demonstrate the required extraordinary circumstances to warrant equitable tolling. In light of the conclusory nature of Petitioner's recently-presented allegations and in the absence of supporting evidence, Petitioner is not entitled to an evidentiary hearing. *See Drew,* 297 F.3d at 1293 n.7 (Petitioner's allegations that he sent letters to the Clerk's office and pursued his case diligently was "not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support, especially when the evidence that has been presented undermines the petitioner's claim.")(citations omitted).

**ACCORDINGLY**, the Court **ORDERS** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED** as time-barred.

8

2. The Clerk of the Court shall enter judgment against Petitioner, terminate any and all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _June 9th_, 2009.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to: *Pro Se* Petitioner
Counsel of Record